**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

READYLINK HEALTHCARE, a Nevada
corporation; BARRY TREASH, an
individual,
　　　　　*Plaintiffs-Appellants,*

　　　　　v.

DAVID JUSTIN LYNCH, an
individual; DAVID JUSTIN
LYNCH AND ASSOCIATES, a
California professional law
corporation,
　　　　　*Defendants-Appellees.*

No. 04-55890

D.C. No.
CV-04-01265-NM

ORDER

Appeal from the United States District Court
for the Central District of California
Nora M. Manella, District Judge, Presiding

Argued and Submitted
February 17, 2006—Pasadena, California

Filed March 14, 2006

Before: Betty B. Fletcher, A. Wallace Tashima, and
Consuelo M. Callahan, Circuit Judges.

---

**ORDER**

B. FLETCHER, Circuit Judge.

We certify to the California Supreme Court the question set
forth in Part II of this order. All issues in this case have been
decided save the issue certified herein. As to it, all further

proceedings are stayed pending final action by the California Supreme Court.

## I.  CAPTION AND COUNSEL

A.  The caption of this case is as follows:

READYLINK HEALTHCARE, a Nevada corporation; BARRY TREASH, an individual,
    Plaintiffs - Appellants,[1]
  v.
DAVID JUSTIN LYNCH, an individual; DAVID JUSTIN LYNCH AND ASSOCIATES, a California professional law corporation,
    Defendants - Appellees.

B.  The names and addresses of counsel are:

*For Readylink Healthcare and Barry Treash*: Leo A. Bautista, Lewis Brisbois Bisgaard & Smith, LLP, 221 N. Figueroa Street, Suite 1200, Los Angeles, CA 90012

*For David Justin Lynch and David Justin Lynch & Associates*: Frederick S. Reisz and Jeffrey F. Allen, Meyers & McConnell, 11859 Wilshire Boulevard, 4th Floor, Los Angeles, CA 90025.

## II.  QUESTION OF LAW

Pursuant to Rule 29.8(a) of the California Rules of Court, we respectfully request the Supreme Court of California to decide the certified question presented below. There is no controlling precedent answering the certified question, the resolution of which may be determinative of this appeal. Our phrasing of the question should not restrict the Court's con-

---

[1]Plaintiffs-Appellants should be designated Petitioners in the event that certification is granted.

sideration of the issues involved. We agree to accept the decision provided by the California Supreme Court. The question of law to be decided is:

> Does the California Supreme Court's decision in *Gates v. Discovery Communications, Inc.*, 34 Cal. 4th 679, 21 Cal. Rptr. 3d 663, 101 P.3d 552 (2004), *cert. denied,* 126 S. Ct. 368 (2005), overturning *Briscoe v. Reader's Digest Association, Inc.*, 4 Cal. 3d 529, 93 Cal. Rptr. 866, 483 P.2d 34 (1971), and finding no invasion of privacy, under the First Amendment, in the publication of facts about past crimes obtained from public records, apply only to publication by media defendants? Can there be liability under an invasion of privacy theory where a non-media defendant, with a commercial interest in or a malicious motive for publishing facts about a plaintiff's past crimes, does so? Under the commercial speech doctrine, is the speech of a non-media defendant with a commercial interest in or malicious motive for publishing facts entitled to less protection under the First Amendment than that of a media defendant?

## III.   STATEMENT OF FACTS

Readylink Healthcare and Barry Treash (Appellants) filed this action against David Lynch and his law firm, David Lynch & Associates on February 25, 2004. Appellants asserted several claims against Appellees. The only potentially viable claim is Appellants' claim for invasion of privacy. *See Shulman v. Group W Productions, Inc.*, 18 Cal. 4th 200, 214 (1998) (recognizing the tort of public disclosure of private facts).

Readylink Healthcare is a licensed healthcare service provider, a staffing company linking nurses to hospitals. Barry Treash is the founder, sole shareholder, and an officer of Rea-

dylink. Appellee David Lynch represented former Readylink employee Jerome Cotton in a suit brought by Readylink for misappropriation of trade secrets and breach of contract. This litigation resulted in the entry of a temporary restraining order and preliminary injunction against Cotton, his new employer, and their agents (including Lynch), prohibiting the use of Readylink's trade secrets and confidential information.

Appellants claim that after this initial litigation, Lynch "commenced an irrational campaign of hatred against Readylink and its management, taking every opportunity to cause it injury." Appellants' Opening Brief at 8. Appellants allege that Lynch met with Readylink employees; that he was investigating the possibility of forming a nurse placement agency that would compete with Readylink; and that he was encouraging Readylink employees to bring claims against the company for its pay practices.

Readylink filed an action in Los Angeles County Superior Court in December, 2003, alleging that Lynch received and concealed stolen trade secrets, used those trade secrets to solicit clients, and defamed and disparaged Readylink's business practices. The claims made in the Superior Court do not overlap with any claims made in federal court. Appellants allege Lynch had a page on his website devoted to Readylink, soliciting claims against the company and "listing several categories of illegal activities which Lynch stated he could handle for his potential clients against Readylink. . . ." Appellants' Opening Brief at 10. Listing among his Areas of Concentration was "*Any case with merit against Readylink Healthcare* — I'm not afraid of Ann and *Barry!*" "*Any case with merit against Readylink Healthcare*" was itself a link that, when clicked, took the user to a page soliciting claims against Readylink:

> Here are some of the matters I can handle for you against Readylink

**"Fear is useless. It doesn't build bridges and it doesn't bake bread. It doesn't accomplish anything." Don't be scared of Readylink!**

1.  Defending suits brought against you. I represent Jerome Cotton and William Grove.

2.  *Worker Compensation — Physical injuries and stress claims*

3.  Unfair Competition under Business and Professions Code §17200 . . .

Exhibit A, Complaint.

Following Readylink's filing its action in Superior Court, Appellants allege that Lynch "augmented his website with more attacks on Readylink." Complaint ¶ 25. Lynch added a page that could be accessed by clicking on "*Barry*," highlighted in a different color, in the phrase "I'm not afraid of Ann and *Barry*!" That additional page stated,

Barry Treash is a CONVICTED FELON!

The Public Records of the United States District Court for the Central District of California, more particularly, Case No. CR 84-298, reflect that on July 24, 1984, Barry Lynn Treash, date of birth December 25, 1944, was convicted of multiple felonies. He served time in Federal Prison and was released in 1988. He was then on probation until 1993. The documents speak for themselves. I urge everyone to read these documents to make an informed decision about Barry's reputation and whether or not to do business with him.

Exhibit A, Complaint.

Lynch's website provided links to downloadable versions of the "Court Docket," "Indictment," "Transcript of Conviction and Sentencing," and "Prison Record" of Barry Treash. *Id.*

Plaintiffs filed suit in federal court after Lynch posted Treash's conviction information on his website. Readylink claims that "when juxtaposed against the other statements on the website regarding Readylink," Appellants' Opening Brief at 12, these statements falsely represent that Readylink is currently involved in illegal activity because of Treash's conviction twenty years ago. Appellees do not dispute having posted the statements that are the subject of the lawsuit on their website; nor do they dispute that the statements, as recited by Appellants, are accurate. "The statements are truthful recitations of public records or are the public records themselves." Brief of Appellees at 7.

Appellees filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Appellants' case "failed as a matter of law because the statements that Lynch published were truthful recitations of information contained in public records whereas the causes of action required a showing that the statements were false, misleading, outrageous, or otherwise unlawful." Brief of Appellees at 8. As to the invasion of privacy cause of action, Appellees assert that this action had to fail because the information published was truthful and is contained in the public record.

Appellants responded, arguing that although the statements were in the public record, they were "not newsworthy and thus invaded Treash's right to privacy under California law." Appellants' Opening Brief at 13. The district court granted Appellees' motion to dismiss as to all of the claims asserted against them. The district denied Readylink leave to amend and dismissed the action. Readylink and Treash now appeal.

## IV.   THE NEED FOR CERTIFICATION

We respectfully request the California Supreme Court to decide the certified question of law because the decision could determine the outcome of this appeal, and because the decisions of the California appellate courts provide no controlling precedent on the question. *See* Cal. R. of Ct. 29.8(a)(1) and (2). Furthermore, whether *Gates v. Discovery Communications, Inc.*, 34 Cal. 4th 679, 21 Cal. Rptr. 3d 663, 101 P.3d 552 (2004), *cert. denied,* 126 S. Ct. 368 (2005)*,* applies to non-media publishers is an issue of significant public policy importance. *See Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003) ("The certification procedure is reserved for state law questions that present significant issues, including those with important public policy ramifications, and that have not yet been resolved by the state courts."). Following is a summary of the relevant case law and the parties' arguments with respect to this issue.

Appellants rely on the California Supreme Court's decision in *Briscoe v. Reader's Digest Association*, 4 Cal. 3d 529, 93 Cal. Rptr. 866, 483 P.2d 34 (1971), to establish their invasion of privacy tort claim. They argue that under *Briscoe*, the publication of facts of past criminal activity, even when drawn from the public record, may constitute an invasion of privacy. Appellees respond by citing the California Supreme Court's decision in *Gates*, explicitly overruling *Briscoe*. *Gates* held that decisions of the United States Supreme Court "have fatally undermined *Briscoe's* holding that a media defendant may be held liable in tort for recklessly publishing true but not newsworthy facts concerning a rehabilitated former criminal, insofar as that holding applies to facts obtained from public official court records." *Gates*, 34 Cal. 4th at 692, 21 Cal. Rptr. 3d at 672, 101 P.3d at 559-60 (internal citation omitted). The California Supreme Court followed *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975), and "conclude[d] that an invasion of privacy claim based on allegations of harm caused by a media defendant's publication of facts obtained from

public official records of a criminal proceeding is barred by the First Amendment to the United States Constitution." *Gates*, 34 Cal. 4th at 696, 21 Cal. Rptr. 3d at 675, 101 P.3d at 562.

Appellants counter by arguing that *Gates* does not control here. *Gates* and *Cox Broadcasting* preclude an invasion of privacy claim only where the publisher is a media organization or a member of the press. Here, Appellants contend that because Lynch is not a media organization, their claim that their right of privacy has been violated by Lynch's publication of these facts remains viable. To further counter Appellees' argument, Appellants point out that public policy protecting the press's role in educating the public has no application to a private person's publication, motivated by malice or intent to gain commercial advantage. Appellants argue that there is no public-policy value in protecting Appellees' ability to publish information derived from the public record about the criminal record of Appellant Treash.

*Gates*, *Cox Broadcasting*, and *Briscoe* all involve publication by media defendants. California case law does not address whether an invasion of privacy claim against a private person is precluded by the First Amendment where the speech was motivated by malice or intent to gain commercial advantage. Whether *Gates* applies broadly to all accurate publication of facts obtained lawfully from the public record, including situations where the publisher is not a member of the press and where the motivation for that publication was malice or intent to gain commercial advantage, has not been decided by the California courts.

Because the determination of the scope of *Gates* could determine the outcome of this case, because there is no controlling precedent, and because this overlap between the First Amendment and privacy law presents issues of public-policy importance, we respectfully ask the California Supreme Court to decide the certified question presented here.

## V.  ACCOMPANYING MATERIALS

The clerk of this court is hereby directed to file in the California Supreme Court, under official seal of the Ninth Circuit Court of Appeals, copies of all relevant briefs and an original and ten copies of this request with a certificate of service on the parties, pursuant to California Rules of Court 29.8(c) and (d).

IT IS SO ORDERED.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.